**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01656-002-TUC-DCB (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Miguel Sanchez Alvarez, | |
| Defendant. | |

For all the reasons stated by the Government, this Court denies the Emergency Motion to Modify Release Conditions for the Purpose of Health and Safety Due to the Global Pandemic (Doc. 142).

The Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1) because he has Type 2 diabetes and is, therefore, at high risk as defined by the Center for Disease Control (CDC) to become seriously ill or die if he contracts Covid-19.

District courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release is one exception where this Court has discretion to "reduce the term of imprisonment (and . . . impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]" 18 U.S.C. § 3582(c)(1). The Director of the Bureau of Prisons (BOP) may make a motion under this section. And after Congress adopted the First Step Act in 2019, an inmate may also file a motion, subject to an exhaustion requirement.

To be eligible for compassionate release, the Defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, within the meaning of the statute, for the release; and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A). The statute also expressly provides that the Defendant file a motion with this Court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier …." *Id*.

Compassionate release is both a drastic and permanent remedy and subject to several strict statutory conditions, including exhaustion, and Defendant bears the burden of proving he meets all elements of eligibility for a sentence reduction, i.e., early release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

Here, none of the factors exist to trigger this Court's exercise of discretion to grant compassionate release. First, the Defendant makes no showing that he has asked for administrative relief. Second, on the merits the request fails.

The Defendant was convicted of a serious crime, involving smuggling weapons into Mexico. On October 1, 2017, Co-defendant Victor Leal-Medina was stopped as he was about to enter Mexico and arrested when officers discovered nine firearms, thirteen magazines, and two hundred rounds of ammunition, wrapped in plastic and foil, concealed at the bottom of a bucket filled with thick, sludgy roofing tar/cement. The Co-defendant reported that the Defendant gave him the bucket in question, asked him to deliver it and paid him $100. In addition to the firearms found in the bucket of tar, agents found a rifle at the Defendant's home. The investigation discovered that Defendant had purchased six firearms in July 2016, five of which were the same caliber and bought on the same day as the guns seized at the border, but agents were not able to locate those six other firearms. In total, agents linked sixteen firearms to the Defendant. The investigation disclosed that the

Defendant had a history of crossing the international border and of bringing items into and out of the country.

The Defendant was charged with Smuggling of Goods, a felony violation of 18 U.S.C. § 554(a). A jury found him guilty and on October 22, 2019, the Court sentenced defendant to 36 months in prison to be followed by 36 months of supervised release.

Based on the offense of conduct, the Court finds that the Defendant is a danger to the community both in the United States and Mexico. He was convicted of illegal trafficking in instruments that can take a human life. *See United States v. Possino*, 2013 WL 1415108, at *2 (C.D. Cal. Apr. 8, 2013) (crime of violence offenses involving drugs, guns, violence, or minors create presumption in favor of detention under Bail Reform Act, 18 U.S.C. § 3412(f)).

The Defendant has served less than one-third of his three-year sentence and to release him now would not provide just punishment for the offense or afford adequate deterrence to this criminal conduct. 18 U.S.C. § 3553(a)(2). The Court would have to find extraordinary and compelling reasons to offset the § 3553 factors that cut against granting relief. The Defendant's Type 2 diabetes fails to be such an extraordinary or compelling reason because the Government reports that "approximately seven months ago, on May 4, 2020, the government received a spreadsheet circulated by a deputy U.S. Marshal showing that defendant (listed by his name and USMS number) had tested positive for Covid-19." (Response (Doc. 143) at 5.) The Court assumes the Defendant recovered from this exposure because his motion does not seek early release related to being ill with Covid-19. "According to the CDC, 'cases of re-infection with COVID-19 have been reported, but remain rare.'" *Id.* at 10 (citing CDC, reinfection with COVID-19, *available at* https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. The Court assumes that since the Defendant has fully recovered from COVID-19, there is a very low probability of re-infection and, therefore, he cannot establish an "extraordinary and compelling reason" making him eligible for compassionate release, notwithstanding his other medical conditions including the Type 2 diabetes.

The Court denies the motion. It is procedurally barred because it was not filed "after the defendant ha[d] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier …." 18 U.S.C. § 3582(c)(1)(A). This is a mandatory claims processing rule that must be applied when invoked by the government. See *United States v. Franco*, --- F.3d ---, 2020 WL 5249369, at *1-2 (5th Cir. Sept. 3, 2020); *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). "Where Congress specifically mandates it, exhaustion is not merely appropriate but 'required.'" *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). Even considering the Covid-19 pandemic, this Court finds that it "does not have the authority to excuse an inmate's failure to comply with the exhaustion provision of the FSA." *United States v. Holden*, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020).

**Accordingly,**

**IT IS ORDERED** that the Emergency Motion to Modify Release Conditions for the Purpose of Health and Safety Due to Global Pandemic (Doc. 142) is DENIED.

Dated this 5th day of March, 2021.

David C. Bury
United States District Judge