**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01656-002-TUC-DCB (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Miguel Sanchez Alvarez, | |
| Defendant. | |

On March 5, 2021, this Court denied Defendant's Emergency Motion to Modify Release Conditions for the Purpose of Health and Safety Due to Global Pandemic. (Order (Doc. 142)). The Court found that the Defendant failed to fully exhaust his administrative remedy because he failed to request release from the warden at the defendant's facility. The Court found his criminal history and the facts of the offense of conviction reflect he is a danger to the community. The Court found that his medical condition, Type 2 diabetes, placed him at high risk as defined by the Center for Disease Control (CDC) to become seriously ill or die if he contracts Covid-19. He had, however, already become ill from Covid and recovered making him less likely to become seriously ill if he again contracted Covid-19. *Id.* That, plus the precautions taken by the Bureau of Prisons to protect the prison population from Covid-19, resulted in the Court finding no merit in the request. (Order (Doc. 142)).

On April 1, 2022, the Defendant filed a Motion for Reconsideration, again, asking the Court to grant him early compassionate release under 18 U.S.C. § 3582(c)(1) because

of his serious medical conditions, including Type 2 diabetes and "gastritis, rectal bleeding, Hepatitis, Epigastric pain, and gastrointestinal hemorrhage, to name a few." (Motion (Doc. 145) at 5.) The motion is filed over a year since the Court's ruling and, therefore, long past the 14 days allowed for filing motions for reconsideration. *See* LRCIV. 7.2(g)(2); LRCrim. 12.1(a) (referencing LRCiv. 7.1 and 7.2 for motions, memoranda, and objections). Defendant argues that because the current Covid variants are more highly contagious than the original strain, he is now extra vulnerable due to this increased likelihood of contracting Covid. "If the Court does not allow Defendant the requested release, then the Court could effectively be sentencing him to serious health risks, up to and including serious permanent disability or death." *Id.* at 8.

The Defendant does not address the issue of exhaustion. "Compassionate release is both a drastic and permanent remedy and subject to several strict statutory conditions, including exhaustion, and Defendant bears the burden of proving he meets all elements of eligibility for a sentence reduction, i.e., early release." (Order (Doc. 142) at 2) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). The record stands as it did when the Court last considered the issue of compassionate release for the Defendant. He makes no showing that he has asked the warden at his facility for early release. *Id.*

"Second, on the merits the request fails." (Order (Doc. (Order (Doc. 142)). The Court recognizes the seriousness of being exposed to Covid for someone like the Defendant who is deemed high risk, but over the course of the pandemic the Bureau of Prisons has become more proficient and knowledgeable in keeping prisoners safe from exposure, and vaccinations are now available. The Defendant offers no new facts or law to warrant reconsideration of the earlier decision to deny compassionate release. It remains procedurally barred.

Motions to reconsider are appropriate only in rare circumstances, such as where the Court is: "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). There is no basis in law or fact for reconsideration.

**Accordingly,**

**IT IS ORDERED** that the Motion to Reconsider Ruling on Defendant's Motion to Modify Release Conditions for Compassionate Release (Doc. 145) is DENIED.

Dated this 8th day of April, 2022.

Honorable David C. Bury
United States District Judge